UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. CARROLL, #360278,

    Petitioner,

v.                                      CASE NO. 2:16-CV-14288
                                         HONORABLE SEAN F. COX

LORI GIDLEY,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS CASE AS
DUPLICATIVE, DIRECTING THE CLERK'S OFFICE TO FILE
THE INSTANT PETITION IN PETITIONER'S PRIOR HABEAS CASE,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Michael J. Carroll ("Petitioner") challenges his convictions for second-degree fleeing and eluding a police officer, carrying a concealed weapon in a vehicle, operating a motor vehicle while intoxicated, and driving with a suspended or revoked license which were imposed following a jury trial in the Oakland County Circuit Court. Petitioner was sentenced as a fourth habitual offender to concurrent terms of 6 to 50 years imprisonment, 6 to 15 years imprisonment, and 134 days in jail on those convictions in 2013. In his pleadings, he raises claims concerning the suppression of evidence, the conduct of the prosecutor/use of perjured testimony, fraud upon the court, illegal vehicle stop, the effectiveness of trial counsel, the sufficiency of the evidence, newly-discovered evidence, the waiver of arraignment, and his actual innocence.

Petitioner has already filed a federal habeas action with this Court challenging the same state convictions, which is currently pending before another judge. *See Carroll v. Harry*, Case No. 2:16-

CV-13298 (E.D. Mich.) (Roberts, J.). Accordingly, the instant action must be dismissed as duplicative. A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See, e.g., Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). Such is the case here. The instant action is duplicative of his previously filed and pending habeas case. Because Petitioner challenges the same convictions in both cases and raises the same claims, the Court will dismiss this second habeas case as duplicative. *See Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *Colon v. Smith*, 2000 WL 760711, *1, n. 1 (E.D. Mich. May 8, 2000); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss a habeas petition as duplicative of a pending habeas petition when the second petition is essentially the same as the first petition).[1]

Accordingly, the Court **DISMISSES** the instant habeas case as duplicative. This dismissal is without prejudice to Petitioner's habeas action in Case No. 2:16-CV-13298. Additionally, the Court **DIRECTS** the Clerk's Office to file the brief in support submitted in this case as a brief in support in Petitioner's prior habeas action. This case is now closed.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find

---

[1]The Court notes that the duplicative filing appears to be due to a copy deficiency issued in the original case and Petitioner's attempt to correct that deficiency by submitting a second habeas petition. In any event, the instant case must be dismissed.

it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be take in good faith. Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

Dated:  January 3, 2017                                  S/ Sean F. Cox
                                                                        Sean F. Cox
                                                                        U. S. District Judge

I hereby certify that on January 3, 2017, the foregoing document was served on counsel of record via electronic means and upon Michael J. Carroll via First Class mail at the address below:

MICHAEL JEROME CARROLL 360278
CENTRAL MICHIGAN CORRECTIONAL FACILITY
320 N. HUBBARD
ST. LOUIS, MI 48880

                                                                        S/ J. McCoy
                                                                        Case Manager

3